Nitrate Agencies Co., Plaintiff and Appellant, *v.* Eduardo Urrutia, Marshal of the District Court of San Juan, Defendant and Appellee.

No. 4489. Argued February 15, 1929.—Decided May 31, 1929.

*Enrique Rincón* for the appellant. *Blondet & Campillo* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

The defendant, Eduardo Urrutia, as marshal of the District Court of San Juan, was about to sell in execution a partnership interest when, as alleged in a petition for mandamus, a third person claimed priority. The amount of the original claim was $1,868.57 with interest and the marshal, so it was alleged, informed an agent of the original plaintiff that, using his discretion, he would accept a bond of $5,000

to release the partnership interest against which the execution ran. As also alleged, the interest executed upon, according to the partnership agreement entered into some time before, amounted to $23,000.

The district court, after answer but apparently without proof other than the pleadings, rendered judgment for the defendant. We are not sure there was no proof, as the court speaks of the declaration of the marshal, but no evidence was incorporated into the record.

The theory of the marshal was that he had a discretion to fix the bond in an amount more than sufficient to cover the claim of the plaintiff. It appeared from the answer that the partnership agreement had been entered into some time before and there were other attachments or executions against the same interest. Likewise that it was discretional in the marshal to fix the amount of the bond. The latter assessed the interest at $2,500 and fixed the bond at $5,000. The theory of the appellant was that the interest once shown to be $23,000 the presumption would be that it so continued; that according to law the marshal was bound to fix the bond in double the amount of the interest, or $46,000.

The court held that before the marshal could be haled into court by a mandamus a demand should be made upon him; that in effect the marshal was the one to fix the value and in the absence of the proof to the contrary the action of the marshal was presumed to be correct; and that the marshal had a discretion that could not be controlled by mandamus. Assuming that all these matters were properly presented, we incline to the view that the court in the main was right. The reserve that we make is that mandamus did not lie at all and hence there was involved no real question of discretion *vel non*. We doubt if the presumption of continuance applies to a partnership interest, subject to change as it is.

This is a petition for a writ of mandamus where the prayer thereof was that the marshal should be ordered to refrain from suspending an auction sale unless he required a

bond in double the amount of the interest executed upon. In form at least it does not request any specific order on the marshal to do anything. As the court pointed out, there was no evidence that anyone as yet had offered a bond. Perhaps the marshal would go on with the sale. The object of the petition plainly was to prevent the marshal from accepting a bond of $5,000. The duties that the writ of mandamus reaches are positive and not negative, to do, and not to refrain from doing.

Perhaps more particularly mandamus lies to control a duty "which the law specially enjoins" etc. This generally means a duty clearly fixed by law. It does not purport to reach every kind of duty that is incident to an office. The determination of the amount of a bond can not be a duty specially enjoined by law.

The judgment will be affirmed.